JACKSON<br>*vs.*<br>PERRY.

## Jackson *vs.* Perry.     CHANCERY.

APPEAL FROM FRANKLIN CIRUIT.-     Case 20.

Judge MARSHALL delivered the opinion of the court.   September 24.

Where there are several non-resident debtors liable for the same demand, and they own property in Kentucky, it may be attached; and though one of them was casually here and served with process, that is no reason why the attached property may not be sold for the debt. (*Act of* 1837.)

Jackson filed this bill to attach the steamboat Lewis C. Wetzel for the security and satisfaction of two notes set up in the bill, the one for about $737, signed by B. H. Perry and E. R. Perry, the other for about $253, signed by E. R. Perry, as clerk of the steamboat Isaac Shelby, and purporting to be for services as engineer on said boat. The bill alleges that the larger note was executed for services as engineer on the steamboat Diana, and that the two Perrys were the owners, and that the smaller note was executed for services as engineer on the Isaac Shelby, owned by E. R. Perry and S. P. Hall; that the two Perrys and Hall are all non-residents of Kentucky, and B. H. Perry and Hall are and have been for a long time absent from this state. And that E. R. Perry and Hall are the owners of the steamboat Lewis C. Wetzel, then at Frankfort, but which complainant fears will be shortly removed from the state, &c.; and on these grounds an attachment was obtained and the boat seized, but afterwards replevied. The two Perrys and Hall are made defendants. The non-residency of the three defendants is not denied; but it appears that E. R. Perry was served with process, and it may be presumed that he was here with

*Case stated.*

the Lewis C. Wetzel, of which he and Hall appear to have been the owners, B. H. Perry having no interest in her. E. R. Perry alone answered. He denies that he was an owner either of the Diana or the Shelby, and most of the evidence goes to the issue on this point, which, however, it is not material to decide. E. R. Perry also alleges, and it is admitted by the complainant in answer to the cross bill, that the larger note included the $253 due for the services for which the smaller one had been given. But the complainant denies that he gave up any advantage pertaining to the smaller note, which note he still retained; and we cannot decide that the smaller demand is merged or satisfied so as to release Hall. Some effort is made by E. R. Perry to show that the larger note is unobligatory by reason of a condition not expressed in it, and also to show that the present proceeding should not be sustained because a suit had been instituted upon the larger note in a court in Cincinnati. But the proof on the first point fails, and on the second, both proof and allegation are too vague to affect this proceeding, and especially as there is no record shown of the suit referred to.

Then, assuming that Hall, as one of the owners of the Isaac Shelby, which he appears to have been, is still liable for the demand against that boat as evidenced by the smaller note and sustained by other evidence, the case as to that demand is, that all three of the defendants are bound for it, and as they are and were all non-residents, the property here belonging to two of them is clearly subject to attachment and sale for its satisfaction, though one of the owners may have been casually in this state at the time of suing out the attachment. Or if the smaller demand is merged in the larger note, so that Hall is discharged, and the two Perry's alone are the debtors, the case is, that both are and were non-residents, and the property of one of them being within the state is subject to attachment and sale for the debt, though the debtor who owns the property be casually present

*When there are several non-resident debtors liable for the same demand, and they own property in Kentucky, it may be attached; and though one of them was casually here and served with process, that is no reason why the attached property may not be sold for the debt. (Act of 1837.)*

when the attachment issues or is served, and though the other debtor has no property within the state.

Such, according to our construction, is the effect and indeed the plain letter of the act of 1837, which regulates this proceeding. The fact that, in a particular case, in consequence of the casual presence of the non-resident debtor here with his property, the legal remedy may, by the requisition of bail, be just as efficient as the attachment, is no reason for refusing the attachment, which the statute gives, not upon the ground of an actual defect of the ordinary remedy in the particular case, but upon the ground of the non-residence alone of the debtor having property here, which non-residence is itself, in general, an obstacle to the ordinary remedy. Besides, the proceeding by attachment and seizure of the particular thing is more efficacious and certain than the proceeding by bail, which leaves the question as to the property unfixed and still to be proved.

The question whether Hall is still bound for any part of the demand now set up, is only important as it affects the extent of this interest in the Lewis C. Wetzel which may be sold. We think Hall is bound for the wages due from the Shelby, and that to that extent his interest, as well as that of E. R. Perry, is subject. For the residue of the $737, the interest of E. R. Perry alone is subject.

In any view of the case, it was improper to dismiss the bill, which gives jurisdiction not on the ground of fraud or lien, but on the ground of the non-residence of the debtors, and that they, or some of them, have property in this state which it seeks to attach, &c.

Wherefore the decree is reversed, and the cause remanded for a decree in conformity with this opinion.

Lindsey, for appellant; Harlan, for appellee.